Angelica DE LA VEGA–NAVARRO; Salvador Navarro–Vasquez; Salvador Rafael Navarro–De La Vega; Karla Angelica Navarro–De La Vega Petitioners,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71329.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2004.

Decided April 21, 2004.

Christopher J. Stender, Esq., Stender & Associates, Phoenix, AZ, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, U.S. Immigration & Naturalization Service, Office of the District Counsel, Phoenix, AZ, Norah Ascoli Schwarz, Esq., Robbin K. Blaya, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Jonathan Cohn, Esq., Department of Justice Civil Division, Washington, DC, for Respondent.

Before: HALL and GRABER, Circuit Judges, and WEINER,* Senior District Judge.

### MEMORANDUM **

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Angelica De La Vega Navarro, her husband Salvador, and their two children, Karla and Salvador Rafael, all natives and citizens of Mexico, petition for review of the BIA's one judge orders affirming without opinion the IJ's orders finding them removable and denying their requests for cancellation of removal.

The INS policy directive, concerning the transition to Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") procedures, had no effect upon petitioners because they were never placed "in deportation proceedings" prior to IIRIRA's effective date. *United States v. Hovsepian*, 359 F.3d 1144, 1165 (9th Cir. 2004) (en banc) (hold that proceedings do not commence until INS actually files charging document). Thus, we need not reach the issue whether the policy directive was violative of the Administrative Procedure Act. *Martinez–Garcia v. Ashcroft*, 366 F.3d 732 (9th Cir.2004) (declining to reach APA issue where no Order to Show Cause was filed prior to IIRIRA's effective date because IIRIRA rendered OSC procedures obsolete).

The Navarros' other argument, that the BIA's streamlining regulation, 8 C.F.R. § 1003.1(a)(7), violated their right to procedural due process, is foreclosed by our recent decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850 (9th Cir.2003), holding that streamlining does not offend due process.

PETITIONS DENIED.